## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, JR., trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 12 C 1799 |
| v. | ) ) ) | Honorable Charles R. Norgle, Sr. District Judge |
| JACKIE'S TRANSPORT, INC., a Michigan corporation, C & R Leasing Group, LLC, a Michigan limited liability company, ACME ACRES, LLC, a Michigan limited liability company, PLEASANT LAKE SAND AND GRAVEL, LLC, a Michigan limited liability company, DOUBLE DIAMOND RANCH, LLC, a Michigan limited liability company, GLENFIELD DEVELOPMENT, LLC, a Michigan limited liability company, NORTHVILLE STOCK YARD, LLC, a Michigan limited liability company, ACME CONTRACTING, LTD., a Michigan corporation; EVERGLADES CONTRACTING, LLC, a Florida limited liability company; MICHAEL BATES, an individual, and JACKIE BATES, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES
## AGAINST DEFENDANTS PLEASANT LAKE SAND AND GRAVEL, LLC,
## DOUBLE DIAMOND RANCH, LLC, AND GLENFIELD DEVELOPMENT, LLC

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Arthur H. Bunte, Jr., trustee, hereby request that this Court enter Judgment against Defendants Pleasant Lake Sand and Gravel, LLC ("Pleasant Lake"), Double Diamond Ranch, LLC ("Double Diamond"), and Glenfield Development, LLC

("Glenfield") in the amount of $$698,433.03, plus post-judgment interest as provided for in the Pension Fund Trust Agreement. In support thereof, Plaintiffs state as follows:

## I.     BACKGROUND INFORMATION.

1.     On March 12, 2012, Plaintiffs filed this lawsuit to recover delinquent employer contributions and withdrawal liability, along with interest and statutory damages owed to the Pension Fund by Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq.*

2.     Pursuant to a settlement reached between Plaintiffs and all Defendants, on October 19, 2012, the parties filed a Stipulated Order of Dismissal Without Prejudice (the "Dismissal Order"). (Dkt. No. 44.)

3.     On March 6, 2013, Plaintiffs filed a motion to reinstate the lawsuit and for entry of judgment against Defendants Pleasant Lake, Double Diamond, Glenfield, Jackie's Transport, Inc. ("Jackie's Transport"), C & R Leasing Group, LLC ("C & R Leasing"), Acme Acres, LLC ("Acme Acres"), and Northville Stock Yard, LLC ("Northville") because these Defendants were in breach of the Settlement Agreement, and the Settlement Agreement allowed Plaintiffs to reinstate the lawsuit and obtain entry of judgment in the event of a breach (the "Motion for Judgment"). (Dkt. No. 46.)

4.     Plaintiffs did not seek reinstatement of the lawsuit against Defendants Acme Contracting, Ltd., Everglades Contracting, LLC, and Jackie Bates because these Defendants were not in breach of the Settlement Agreement. Plaintiffs also did not seek reinstatement of the lawsuit against Defendant Michael Bates because on November 30, 2012, Mr. Bates filed a Chapter 13 bankruptcy in the United States Bankruptcy

Court for the Eastern District of Michigan in a case entitled *In re: Michael Bates*, Case No. 12-66229, and this bankruptcy is still pending.

5.     On March 14, 2013, the Court entered an order granting the Motion for Judgment. (Dkt. No. 51.)

6.     However, on March 18, 2013, Defendants Jackie's Transport, C & R Leasing, Acme Acres, and Northville filed a Notice of Bankruptcy Filing notifying the Court that they had filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. (Dkt. No. 52.) These bankruptcies are still pending.

7.     Therefore, at this time Plaintiffs move for prove up against Defendants Pleasant Lake, Double Diamond, and Glenfield.

## II.     CALCULATION OF REQUESTED JUDGMENT AMOUNT.

8.     As set forth in the Motion for Judgment, Pleasant Lake, Double Diamond, and Glenfield owe the Pension Fund the remaining principal balance of $565,330.89 with respect to the 2007 Withdrawal Liability. (A copy of a summary of the unpaid principal of the 2007 Withdrawal Liability is attached as Exhibit 1 to the Supplemental Affidavit of Andrew Sprau which is attached hereto as Exhibit A ("Sprau Affidavit ¶__, Exhibit A".) Specifically, Blue Sky incurred withdrawal liability in the amount of $963,062.89, and $579,898.52 has been paid on account of this withdrawal liability (of which $397,732.00 has been applied to the principal amount). (Exhibit 1; Sprau Affidavit ¶3, Exhibit A.)

9.     Pursuant to 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent

contribution under 29 U.S.C. § 1145. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992).

10.     Under 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1145, as incorporated by 29 U.S.C. § 1451(b):

> (i)     delinquent withdrawal liability payments;
> (ii)    interest on the delinquent withdrawal liability payments;
> (iii)   an amount equal to the greater of the interest or liquidated damages  as provided under the Plan in an amount not in excess of twenty percent (20%) of the delinquent withdrawal liability payments;
> (iv)    reasonable attorneys' fees and costs; and
> (v)     such other relief as the court deems appropriate.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv. Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (*en banc*).

11.     Under 29 U.S.C. § 1132(g)(2), interest is determined using the rate provided under the Pension Fund's Plan.

12.     Under the Pension Fund's Plan, interest on withdrawal liability is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, with said interest to be compounded annually. (Sprau Affidavit ¶4; Exhibit A.)

13.     Through April 26, 2013, Pleasant Lake, Double Diamond, and Glenfield owe the Pension Fund interest on the unpaid 2007 Withdrawal Liability principal of $565,330.89 in the amount of $16,983.46. (A copy of the interest calculation is attached as Exhibit 1 to the Sprau Affidavit; Sprau Affidavit ¶5, Exhibit A.)

14. Pursuant to 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to twenty percent (20%) of the delinquent withdrawal liability as provided under the Plan.

15. The Pension Fund's Pension Plan provides for liquidated damages in an amount equal to the greater of the interest on the delinquent withdrawal liability or up to twenty percent (20%) of the delinquent withdrawal liability. (Sprau Affidavit ¶6, Exhibit A.)

16. Pleasant Lake, Double Diamond, and Glenfield owe the Pension Fund liquidated damages in the amount of $113,066.18 ($565,330.89 x 20%). (Sprau Affidavit ¶7, Exhibit A.)

17. Pleasant Lake, Double Diamond, and Glenfield owe the Pension Fund attorneys' fees in the total amount of $3,052.50. (A copy of the attorneys' fees incurred by the Pension Fund is attached as Exhibit 2 to the Affidavit of Anthony E. Napoli which is attached hereto as Exhibit B.)

18. Under the Pension Fund's Plan, the Pension Fund is entitled to interest on the entire withdrawal liability judgment balance computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, with said interest to be compounded annually. (Sprau Affidavit ¶8, Exhibit A.); *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1020 (7th Cir. 2001).

19.    A copy of the proposed Judgment Order is attached hereto as Exhibit C. The proposed Judgment Order has also been submitted to the Court's proposed order e-mail address.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr., trustee, pray for entry of judgment as follows:

(A)    That a judgment be entered against Pleasant Lake, Double Diamond, and Glenfield, jointly and severally, in the total amount of $698,433.03. This amount consists of: withdrawal liability of $565,330.89; interest (through April 26, 2013) in the amount of $16,983.46; liquidated damages in the amount of $113,066.18; attorneys' fees in the amount of $3,052.50.

(B)    That the judgment award post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank NA for the fifteenth (15th) day of the month for which interest is charged, and with said interest to be compounded annually.

(C)    For such other relief deemed just and proper.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 West Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
847/518-9800, Ext. 3702
ARDC #06210910
tnapoli@centralstatesfunds.org

April 19, 2013